## Richardson v. Brooks.

(Decided November 18, 1913).

### Appeal from Hart Circuit Court.

Contracts—Contract to Furnish Support.—The evidence in this case as to what it would cost to furnish board, lodging and medical attention to parties entitled thereto, is so conflicting that we have adopted the judgment of the chancellor.

McCandless & Larimore, J. L. RICHARDSON and J. J. MOORE for appellant.

WATKINS & CARDEN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The question in this case is purely one of fact. Under a contract which is set out in the case of Brooks

v. Richardson, 144 Ky., 102, Richardson was required to support Brooks and his wife during the terms of their natural lives. The case was submitted to a special commissioner of the Hart Circuit Court for the purpose of taking eivdence on this subject and reporting his conclusions to the court. The order directed the commissioner to report what amount of money annually would be necessary to provide Perry C. Brooks for his personal use, with board, food, fires, washing and ironing, medicine and medical attention as he might need in sickness, according to the scale of living in Hart County, Kentucky, and for persons in similar conditions and circumstances as that of Richardson and Brooks, and the cost of furnishing these things to the wife of Brooks, from August 21, 1908, until her death in June, 1909.

Under this order the commissioner took the depositions of some twenty witnesses. About half of them were introduced in behalf of Richardson and the others in behalf of Brooks. After hearing the evidence, the commissioner reported that the cost of furnishing and providing Brooks with the things mentioned would be $30 per month, and for Mrs. Brooks during the period named, $40 per month. Exceptions were filed to this report by Richardson upon the ground that the allowances were excessive, and that the amount should not have been in excess of $10 per month. The court, after hearing the exceptions, confirmed the commissioner's report except that the allowance to Brooks was fixed at $25 per month in place of $30

The evidence, as might be expected, is very conflicting. The witnesses introduced in behalf of Brooks testified that the reasonable cost of furnishing the services described would be between $25 and $30 per month for him and between $40 and $50 for his wife; while the witnesses in behalf of Richardson said that the cost of furnishing the services should not exceed $12 or $15 per month.

We have read all of the evidence and do not see any good reason for disagreeing with the judgment appealed from. The evidence shows that Mrs. Brooks was an old and helpless paralytic, requiring constant attention and care, and shows that Brooks is an old man, feeble in mind and body, irritable, peevish, hard to get along with, and not an agreeable person to have about one's home or family. The physical and mental con-

dition of these people of course increased the cost of furnishing and providing for them the things mentioned. The allowance seems rather high, but there is ample evidence to support it, and we do not see any good reason for disturbing the finding of the chancellor on this question of fact.

The judgment is affirmed.