## Jetter, et al. v. Christman's Executrix.

(Decided January 10, 1928.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Witnesses.—Testimony of defendant as to transaction had with plaintiff's decedent relative to payment on farm sold defendant held inadmissible.

2. Husband and Wife.—Failure of husband to sign supplemental contract whereby wife waived and relinquished any claim she might have against vendor of real estate in consideration of his accepting other land owned by wife at a named price held not to affect validity, since, under Ky. Stats., sec. 2128, a wife may make contracts and sue and be sued as single woman with exception that husband must join in contracts to sell, convey, or mortgage real estate.

3. Principal and Agent.—Fraudulent representations of real estate agent acting only for himself inducing purchaser to make contract held not to invalidate written contract purchaser made with vendor in reliance thereon.

4. Compromise and Settlement.—Purchaser of dairy farm, by subsequent contract waiving and relinquishing any claim against vendor in consideration of his accepting another farm at a certain price, held to have waived all claims arising out of original transaction;

purpose of supplemental contract being a settlement of difficulties
between parties.

MATT J. HOLT for appellants.

BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Pursuant to a contract made January 26, 1924, Otto
W. Christman conveyed to Anna M. Jetter a farm in
Jefferson county, and sold her certain personal property
on it. She executed to him 24 notes of $1,000 each, to
secure which a lien was retained in the deed, and she also
executed a chattel mortgage on the personalty on the
farm as a further security. By the terms of the contract
the interest on the notes was payable semiannually, and
the usual precipitation clause was added if the interest or
any note was not paid when due. Mrs. Jetter took pos-
session of the property, but failed to pay the interest due
in August, 1924. On November 17, 1924, a supplemental
contract was made between them by which she conveyed
to Christman, for $12,800, a farm in Jefferson county
which she owned. He assumed a mortgage on the farm
for $5,500. This left $7,300 to be credited on the notes
and interest. He surrendered to her 6 of the notes and
entered a credit for $560 on the seventh note, which fell
due August 1, 1927. The remainder of the price was
applied to the payment of the interest up to that time.
Christman having died, his executrix, on October 21,
1926, brought this suit to recover on the remaining notes
and enforce the lien on the property, alleging that noth-
ing had been paid except the interest to February 1, 1925.
Mrs. Jetter by her answer alleged other payments and
denied that any part of the interest due remained unpaid,
or that plaintiff's cause of action had accrued. She also
pleaded that in the sale Christman sold her 41 cows, when
in fact there were only 37 cows, and that all the cows
which she got were diseased. She also alleged that the
farm and the cows were sold her as a certified dairy, but
that at the time she bought it had ceased to be a certified
dairy farm, and Christman knew this and concealed it
from her. By reply the executrix pleaded the supple-
mental contract of November 17, 1924, as a waiver of the
matters pleaded as a counterclaim. Mrs. Jetter by her
rejoinder pleaded that her husband did not sign this con-

tract, and that the contract only settled the question of the property being a certified dairy. Proof was taken, and on final hearing the circuit court entered judgment in favor of the plaintiff. The defendant appeals.

The first question to be determined is, was the action brought prematurely? Mrs. Jetter showed that she, on March 17, 1925, gave Christman a check for $517.40, which he cashed. But this would be no more than the interest to February 1, 1925, which was then unpaid. She also testified that on August 4, 1926, she paid Christman at his house, $1,000, in ten $100 bills, but took no receipt from him therefor, he promising to send her a receipt, which he had never done. Her mother testified that she went to the bank and got the ten $100 bills and gave them to her daughter, but she was not present when her daughter went to see Mr. Christman, and she knew nothing further about the transaction. As Christman was dead, the court properly sustained the exceptions to the testimony of Mrs. Jetter as to the transaction had by her with Christman. There being no other evidence to sustain this, it follows that the action was not prematurely brought.

The next queston is as to the effect of the supplemental contract of November 17, 1924. The fact that Mrs. Jetter's husband did not sign this contract does not affect its validity. By section 2128, Kentucky Statutes, a wife may make contracts and sue and be sued as a single woman, except she may not make any executory contract to sell or convey or mortgage her real estate unless her husband join in the contract, and she may not convey her real estate unless the husband joins in the deed. In this case the husband joined the wife in the deed, although he did not sign the contract pursuant to which the deed was made. The debt was the debt of the wife, and she had full power under the statute to make contracts in regard to this debt and any defenses that she had against the enforcement of the debt. A married woman in such a case may waive a counterclaim just as a single woman may do. Mrs. Jetter also pleaded that she was induced to make this contract by the fraudulent representation of the real estate agent that he had a purchaser for the dairy farm. But in making this representation the real estate agent did not represent Christman. It was an individual matter of the agent. He was only acting for himself in it, and the alleged statement that he made to her was only a parol agreement to purchase by

an undisclosed person and was therefore not an enforceable contract. It was only in fact a chance which she took, and this in no wise invalidated the written contract which she made with Christman. This leaves for consideration only the effect of the written contract of November 17, 1924. That contract sets out by way of preamble the purchase of the property by Mrs. Jetter from Christman on January 25, 1924, and the fact that the milk commission withdrew the right to ship certified milk from the farm after the deed was made, and the agreement of Christman to take the farm of Mrs. Jetter on a valuation of $12,800 and apply the proceeds as above indicated; it then provides as follows:

> "The parties of the first part, in consideration of the party of the second part taking the said Cedar creek farm at the price above mentioned, hereby waive and relinquish any and all claims that they may have against the party of the second part in consideration of said trade and in the loss of the right to produce and sell certified milk."

Mrs. Jetter was the party of the first part in that contract, and by its terms she waived all claim that she had "against the party of the second part in consideration of said trade and in the loss of the right to produce and sell certified milk." She waived not only the loss of the right to produce and sell certified milk, but also all claims against the party of the second part in consideration of said trade. The shortage in the cows or the diseased condition of the cows was a claim she had against Christman in consideration of the trade, and the effect of the contract was necessarily a waiver of all rights she had against Christman by way of counterclaim for damages in the trade. She had then had possession of the property for 9 or 10 months; as shown by her own testimony, she knew all about the condition of the cows and the shortage. This contract was made to get a breathing spell. Christman got no money; he took another tract of land and assumed a mortgage on it. The plain purpose of the contract was a settlement of difficulties between the parties at that time.

In making a settlement of their differences and executing a carefully drawn contract to express it, the parties evidently did not contemplate that matters then well understood by them were left unsettled. Such a result

would defeat the primary purpose of the contract, which was to fix the amount to be paid by appellee after this settlement was made.

Judgment affirmed.