## Combs et al. v. Turner et al.

March 4, 1947.

Henry Stephens, Jr., Judge.

Clark Pratt for appellants.

Combs & Combs for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

On July 14, 1942, Matt Combs wrote to A. L. Martin offering to sell him mineral rights in approximately 100 acres of land for $5 per acre. On August 1, 1942, Martin went to see Mr. and Mrs. Combs, and on that day they executed an option whereby they agreed to convey to Martin the mineral in their land for $5 per acre. This option further provided that it was to continue in effect for a period of sixty days from its date, and that if Martin found a purchaser for said mineral before the expiration of the sixty days, then he should have a reasonable time in which to have the property surveyed and secure an abstract of title. The contract recited a consideration of $1 and other good and valuable consideration, but actually there was no consideration whatever paid by Martin at the time the option was executed.

On September 10, 1942, Martin assigned this option to W. J. Turner. According to the testimony of Martin and Turner, Martin went to see the Combses and notified them of his intention to exercise the option and take the minerals, and advised the Combses of the assignment of the option to Turner. Martin fixes the time of this notification sometime between September 10, 1942, when the option was signed, and September 20, 1942, which was within the sixty day period. The Combses claim that they did not see Martin after the execution of the option until sometime in the first part

of October. They say that at that time he came to their home and asked that the option be extended one week, and that this extension was granted. They further say that they did not hear further from Martin until they received a letter from him about the middle of October, asking them to get in touch with a local surveyor. Combs says that he saw the surveyor but heard nothing more from Martin until sometime in December 1942, but in the meantime, and on the 26th day of October 1942, he notified Martin by letter that they had withdrawn their offer to sell the minerals. In December of that same year Martin went to see the Combses and asked them to execute a deed to the minerals for $500, but they refused to do so.

The testimony for the appellees indicates that shortly after the assignment of the option to Turner they commenced making arrangements to have the title abstracted and the survey made. There was some unavoidable delay in getting the land surveyed, and during this period Turner and Martin made some efforts to settle their controversy with the Combses but without success.

On October 21, 1944, appellees filed this action asking for specific performance of their contract with the Combses. The chancellor decreed specific performance and ordered the master commissioner to convey the minerals to Turner upon payment by him of $594, a survey having been made which showed the acreage in the tract to be 118.7 acres.

A great deal of testimony was taken, much of which is conflicting and much of which seems to be immaterial to the issue. It seems to us that this case must turn upon the question of whether appellees accepted the option within the sixty day period provided therein. The testimony for appellees is that they notified appellants of their intention to exercise the option and buy the minerals between September 10th and September 20th, 1942, which is within the sixty day period, and the testimony for the appellants is to the contrary.

In his judgment the chancellor found as a fact that the notice that the option would be exercised was given within the sixty days, and further found that Turner and Martin, within a reasonable time, commenced to abstract the title to and survey the boundary of the land. There

is ample evidence to support this finding and under these circumstances we will not disturb it.

The question of law presented is whether the option, which is admittedly not supported by any consideration, was binding upon the Combses at the time Martin notified them of his intention to exercise it.

It is well settled that an option is not binding as a contract where there is no consideration, unless it is accepted within the time limit and before the offer is withdrawn. Since there was no consideration paid by Martin for the option, it could have been revoked by the Combses at any time before Martin notified them that he intended to buy the minerals, but since the offer was accepted within the time limit and before withdrawal, the contract became binding upon all parties as it was thereafter supported by the consideration of the mutual promises.

This legal proposition is well settled in this and other jurisdictions. In Klatch v. Simpson, 237 Ky. 84, 34 S. W. 2d 951, 953, we said: "In disposing of argument 2, and for the purposes of this case only, it might be conceded that, if there had never been an acceptance of the option before its withdrawal, but which was never done or attempted to be done until after the time set for the performance of the contract, the argument would be sound. The law, however, is well settled in this and in other jurisdictions to the effect that the offer, though without consideration, if accepted within the time limit and before withdrawal by the contemplated vendor, becomes obligatory upon all parties to the option after such acceptance, and it is thereafter supported by the consideration of mutual promises; i. e., the promise of the vendor to convey according to the terms of the option, and the promise of the vendee, issuing out of his acceptance, to accept the conveyance and otherwise comply with the terms of the option. 27 R. C. L. 624, sec. 20, page 333, sec. 29, page 338, sec. 35; Murphy, Thompson & Co. v. Reid, 125 Ky. 585, 101 S. W. 964, 31 Ky. Law Rep. 176, 10 L. R. A., N. S., 195, 128 Am. St. Rep. 259; Walton v. Franks, 191 Ky. 32, 228 S. W. 1025; and others cited and discussed in those opinions. As we have hereinbefore seen, plaintiff accepted the written option given to him by defendant before the time for its expira-

tion and before any withdrawal thereof by her, and thereafter it became a binding contract on both of the parties to this litigation. It is therefore clear that this argument is also without merit." To the same effect see 55 Am. Jur., Vendor and Purchaser, pages 492 and 502.

It follows that the judgment below is correct and it is accordingly affirmed.