## Combs v. Combs et al.

June 18, 1948.

J. Matt Dixon and D. G. Boleyn for appellant.

Jess Morgan and Bailey P. Wootton for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This action was instituted by appellees, Rachel Combs, Ellen Combs, Olive Daniels and Vernon Daniels, against appellant, Bill Combs, to quiet title to 150 acres of land located in Perry County and described in the petition. In his answer and counterclaim Bill avers that he had title by adverse possession to 30 acres of this land, which he described in his pleading. A reply traversing the averments of the answer and counterclaim was filed and on the issue joined there was considerable proof taken.

It appears from the record that the regular judge, Hon. S. M. Ward, before his election was one of the attorneys who brought the suit, therefore he disqualified himself and Hon. C. A. Noble was agreed upon as special judge to try the case. He found that Rachel Combs had sold her dower interest in the land to Olive and Vernon Daniels, to whom he adjudged title in a six-sevenths undivided interest in the entire 150 acres. Title to the remaining one-seventh he adjudged in Ellen Combs, and Bill appeals.

Jess Combs died intestate on May 9, 1925, the owner of the 150 acre tract. After his death Olive and Vernon Daniels, by mesne conveyances from six of the seven heirs of Jess, acquired title to an undivided six-sevenths interest in the land, the remaining one-seventh interest remained in Ellen Combs, a daughter of Jess. Bill is the illegitimate son of Jess and claims that in 1904 his father set off to him the 30 acres described in his pleadings and that year built a house on this 30 acre tract and he has been continuously in the possession of this land occupying and claiming it adversely to all the world since 1904.

It appears to be the rule that a parol gift of land may ripen into title where accompanied by actual pos-

session for the statutory period, and under such a gift, the donee's possession is adverse from its inception. 1 Am. Jur. sec. 49, p. 819; Bridwell v. McGrew, 228 Ky. 334, 14 S. W. 2d 1085. The weakness in appellant's case is not in the law but in the facts upon which he seeks to apply the law. No detailed analysis of the evidence will be undertaken and we will content ourselves with only a brief reference to it in showing that the evidence amply supports the judgment of the chancellor.

Bill's testimony is to the effect that his father in 1904 built him a house on the place, directed him to set out an orchard and said, "I'm going to give you a boundary around it." That shortly thereafter his father ran off the land and marked the beginning corner. The chancellor properly sustained the written exceptions filed by appellees to this testimony as the father, Jess, was dead at the time Bill testified. Civil Code of Practice, sec. 606(2); Jetter v. Christman's Ex'x, 222 Ky. 542, 1 S. W. 2d 966.

Robert Gent testified that forty years ago he heard Jess say, "I aim for Bill to have down to the cross fence." This expresses more of an intention to give than it does of an immediate gift. Mary E. Furnish, Field Supervisor for the Welfare Department, filed with her deposition a statement signed by mark by Bill on April 26, 1943, that he owned no real estate and he rented from Rachel Combs at $4 per month. Irvine Stidham, a half brother of Bill on the maternal side, testified that while Bill was in Ohio or West Virginia, Jess leased this land to him and Lige Sumner for three years; that before their lease was up Bill returned and he (Stidham) sold his part of the lease to Bill for $25.

The testimony just referred to is stronger and more convincing that this 30 acres was never given to nor held adversely by Bill than that of Samp Combs, Ed Combs, Floyd Combs, Ada Combs, Bill Gent and Lawrence Sumner is that this land was given to Bill and that he occupied it continuously for 30 years or more, claiming it as his own and paying small sums to Jess and to Jess' administrator by way of meeting Bill's proportionate part of the taxes assessed against the whole 150 acre tract.

This is what is usually denominated as a fact case

and we are not inclined to disturb the judgment of the chancellor unless it is against the clear preponderance of the evidence. Red Bird Oil Co. v. Susnick, 235 Ky. 161, 30 S. W. 2d 875. Here, the evidence preponderates in favor of the chancellor's finding of fact and his judgment must be affirmed.

In arriving at our conclusion, the incompetent evidence to which appellees filed written exceptions was not considered, hence it is not necessary for us to pass upon the chancellor's rulings upon these exceptions and we have not done so, save those concerning that part of the testimony of Bill relating to conversations and transactions with his deceased father, which was clearly incompetent under sec. 606(2) of the Civil Code of Practice.

The judgment is affirmed.