Homer FORD et al., Appellants,

v.

Laura Belle IGLEHEART, Appellee.

Court of Appeals of Kentucky.

Jan. 16, 1959.

Earle F. Martin, Hartford, for appellants.

Clarence Bartlett (Woodward, Bartlett & Catinna), Hartford, for appellee.

BIRD, Judge.

Plaintiff, Laura Belle Igleheart, conveyed two tracts of land to defendants, Homer and Kathryn Ford. The sole consideration is recited in the deed as follows:

"That the party of the first part, in consideration of One ($1.00) Dollar and the further consideration that the grantees herein agree and bind themselves, their heirs, executors, administrators and assigns to look after and care for the grantor herein as long as she may live, agreeing to furnish all the necessities of life including food, clothing and a shelter in this home hereinafter conveyed—in fact, everything needed by her except that the grantor is to pay her own drug bills, medical bills and funeral expenses."

Plaintiff filed her petition in equity, charged failure of consideration and sought a cancellation of the deed upon that ground alone.

Events leading up to this action are concisely stated in the trial judge's findings of fact and we quote:

"4. Under the aforesaid arrangements defendants moved into the home of the plaintiff and took possession of all said property and entered upon the performance required of them by the terms of said deed. After a time friction between the plaintiff on the one hand and defendants on the other resulted, growing in intensity until real animosity existed between said parties, neither party being completely free from fault, and finally on October 3, 1952, plaintiff left her home in possession of Fords and has never lived there since."

The trial judge further found as follows: (1) Defendants contributed nothing to the plaintiff's support after she left on October ·3, 1952; (2) defendants spent

substantial sums in improving the property; (3) such ill will existed between the parties that it would be "intolerable to coerce this aged plaintiff to reside in defendants' home under the circumstances"; and, (4) seventy-five dollars ($75) per month was, at the time of trial, the reasonable value of the consideration recited in the deed.

There is ample evidence to warrant the findings of fact in this case and this Court will therefore not disturb them. Combs v. Turner, 304 Ky. 179, 200 S.W.2d 288; Eline Realty Co. v. Foeman, Ky., 252 S.W.2d 15.

The trial judge concluded that it would be inequitable to cancel the deed because of the expenditures made by the defendants and also because plaintiff was not free of fault. He further concluded that it would likewise be inequitable to "permit defendants to own and possess the property without paying plaintiff the consideration promised therefor." Consequently, the demand for cancellation was denied and the defendants were ordered to pay the plaintiff the sum of $75 per month in lieu of the consideration recited in the deed, the payments to continue during her life, subject however to modification because of changed conditions which might render the payments excessive. The judgment also provides a lien to secure all payments.

 The defendants, Homer and Kathryn Ford, appeal. They insist that the judgment is not supported by proof and is unauthorized under the pleadings. The judgment was rendered upon findings of fact which we decline to disturb. There remains then only one question to be resolved. Do the pleadings authorize judgment?

It is contended by defendants that the judgment is entirely foreign to the prayer for relief in the petition and therefore void.

It is true that the petition sought specifically to cancel the deed. However, in addition to the prayer for cancellation there was a prayer for "all proper relief to which

she may appear entitled by the pleadings and the evidence."

In Brooks v. Richardson, 144 Ky. 102, 137 S.W. 840, as in this case, nothing more than a cancellation of an instrument was specifically sought. The trial court, however, in a situation almost identical to the one in this case granted the same kind of relief as granted here. See also Richardson v. Brooks, 155 Ky. 830, 160 S.W. 1199. This Court approved the action of the trial court in that case long before the adoption of our present Rules of Civil Procedure. Upon that authority and the further authority of CR 54.03, we approve the action of the trial court in this one. The judgment is therefore affirmed.