Albert **FLEISCHER** et al., Appellants,

v.

**JEFFERSON COUNTY,** Kentucky, et al.,
Appellees.

John A. **ANDERSON** et al., Appellants,

v.

**JEFFERSON COUNTY,** Kentucky, et al.,
Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1965.

Rehearing Denied June 25, 1965.

Richard H. Nash, Louisville, for appellants.

E. P. Sawyer, County Atty., James T. Carey, Asst. County Atty., Louisville, for appellees.

HILL, Judge.

Separate suits were filed in the Jefferson Circuit Court, one by Albert Fleischer and others, the other by John A. Anderson and others, against Jefferson County. They involve common defendants and questions of law, and were briefed jointly. They will, therefore, be disposed of in one opinion.

The lower court determined the question of law and fact in favor of the defendant, Fiscal Court, and entered judgment accordingly. The plaintiffs below, now appellants, prosecute this appeal and rely for a reversal upon the three following grounds:

(1) That the Fiscal Court acted beyond its legal right in stopping the automobile allowance to them. * * *

(2) The provisions of KRS 64.210 are mandatory and not discretionary with the court.

(3) That they were entitled to judgment against the defendant, Jefferson County, Kentucky, for the amounts demanded in their complaints and mandatory injunctions against the Fiscal Court directing it to authorize the payment of the amounts claimed by them.

KRS 64.210 provides:

"Fiscal courts of counties containing a city of the first class shall authorize the payment of fifty ($50.00) dollars per month out of the county treasury to constables and deputy constables using their own automobile in the performance of their official duties."

KRS 446.010 says "shall" means mandatory.

It is suggested we point out that in 1960 the Legislature amended KRS 64.210, increasing the car allowance. Apparently this amendment is being complied with.

The appellants, all constables or deputy constables of Jefferson County, seek to recover $80,500.00, which they allege was due for unpaid statutory automobile allowances between July 1, 1950 and July 1, 1960, under KRS 64.210 and 446.010. The statute, first above quoted, was enacted in 1948, and apparently Jefferson County commenced paying appellants $50.00 each per month, as the statute provided, soon after the statute became effective about June 7, 1948. These payments were made until July 1, 1950.

The General Assembly of Kentucky, in 1950, enacted KRS 64.710, which was interpreted, perhaps incorrectly, by the county attorney of Jefferson County to authorize the Jefferson Fiscal Court to discontinue these monthly payments to the appellants. Acting on this advice, the Jefferson County Fiscal Court, on July 1, 1950, discontinued the $50.00 monthly payments to each of the appellants, but on the same date it gave the appellants, along with the other county employees, salary increases. Most of the county employees, outside of the classification in which the appellants were included, received an average increase of $20.00 per month. Appellants' increases averaged $70.00 per month. Three of the county commissioners testified that, in voting this increase in salaries for the appellants, they intended to include the $50.00 automobile expense allowance. No objection was made to this evidence.

That the raise effective July 1, 1950, was intended to cover the statutory car allowance is further evidenced by the letter written May 23, 1951, signed by three of the constables, Shultz, Rushing and McGoff. We quote from this letter:

"Effective July 1, 1950, the car allowance was taken away and straight salaries of $3300.00 for Constables and $2950.00 for Deputies. When all deductions are made from the *$600.00* there is added expense which amounts to no raise in salary whatever." (Our emphasis.)

■ The trial judge found that the increase of approximately $75.00, effective July 1, 1950, included and was in lieu of the specific $50.00 allowance theretofore made by the Fiscal Court under KRS 64.210, and that such was the intention of the Fiscal Court. We think the Fiscal Court had a right to do so. Furthermore, the appellants accepted this arrangement.

■ After considering the conflicting contentions of the respective parties we have little, if any, doubt of the correctness

of the findings of the chancellor. Should we entertain some doubt we would be obliged to follow the well settled rule to uphold the chancellor. See Mitchell v. Perkins, 309 Ky. 785, 219 S.W.2d 45, Combs v. Turner, 304 Ky. 179, 200 S.W.2d 288.

The appellants insist in their brief that this court pass on the question of limitation and that of laches discussed in parts 2 and 3 of appellants' brief. In view of our conclusions, above expressed, we think it unnecessary to determine these questions.

The judgment of the trial court in these cases is affirmed.